```
                                                    USDC SDNY
                                                    DOCUMENT
UNITED STATES DISTRICT COURT                        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                       DOC #: _____
                                                    DATE FILED:  6/16/2021


PETER TASCIOTTI,

                        Plaintiff,                  20 CV 6661 (NSR)

            v.                                      ORDER

JESSE TREW & GLEN TREW,

                        Defendants.
```

NELSON S. ROMÁN, United States District Judge:

The instant case was initiated when Plaintiff Peter Tasciotti ("Plaintiff"), proceeding pro se, filed his Complaint and therein asserted claims sounding in fraud, harassment, theft of property, and destruction of property against defendants Jesse Trew and Glen Trew (collectively, "Defendants"). (Complaint ("Compl.") (ECF No. 2).) As described in the Complaint, the actions giving rise to this litigation consist primarily of the following:

(1) In or around April 2019, Plaintiff along with his common-law wife and their children travelled to the Gulf Coast International Society for Krishna Consciousness (MS ISKON) located in Carriere, Mississippi (Complaint at 9[1]);

(2) Subsequently, also sometime in or around April 2019, Plaintiff left the MS ISKON in order to visit two older children located in Los Angeles while his common-law wife and younger children remained at the MS ISKON (*id.*); and

(3) While Plaintiff was in Los Angeles, Defendant Jesse Trew is alleged to have "interfere[d] with Plaintiff's] relationship with family and children"; harassed Plaintiff's children and potentially plotted "a homosexual interaction with the minors"; stole property and intellectual property, including an irreplaceable film project called "The Matrix Documentary movie" that was stored on compact discs, digital video tapes, micro SD cards, and other electronic media (*id.* at 5).

In light of the Complaint's lack of detailed allegations about where Jesse Trew allegedly engaged in the aforementioned conduct giving rise to this litigation, the Court did not see fit to

---

[1] References to portions of the Complaint indicate page numbers rather than paragraph numbers.

question whether venue was proper, and issued an Order to Show Cause directing the Clerk of the Court to issue summonses as to the Defendants. (*See* ECF No. 5.) However, upon closer examination, and based on Plaintiff's recent filings, it is clear that: (1) Plaintiff's claims arise from conduct that occurred in the Southern District of Mississippi and (2) Defendants are not residents of New York. Accordingly, as explained below, venue is improper in the Southern District of New York, and this Court orders that this action be transferred to the United States District Court for the Southern District of Mississippi.

> Under 28 U.S.C. § 1391(b), the federal venue statute, a civil action may be commenced in:
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "After finding that venue is wrong, '[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court.'" *Padilla v. City, Town, or Municipality of Dallas Co., Texas*, No. 3:19CV1115(VAB), 2019 WL 3766375, at *3 (D. Conn. Aug. 9, 2019) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Transfer should be the usual remedy for improper venue. *See* 17 Moore's Federal Practice ¶ 111.34 (3d ed. 2020) ("[o]rdinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating."). "When a plaintiff's choice of venue is improper, a district court may sua sponte transfer the case...."

*Ventricelli v. Nicklin*, No. 119CV0230, 2020 WL 132334, at *3 (N.D.N.Y. Jan. 13, 2020). *See MRP, LLC v. Barr & Barr, Inc.*, No. 11 CIV. 0896 (DAB), 2011 WL 13266913, at *1 (S.D.N.Y. Mar. 7, 2011) (where venue is improper, "courts may sua sponte transfer cases.") (citing cases).

Even if venue is proper, a district court may sua sponte transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. *See* 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, No. 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations and citations omitted). Although "a district court should not dismiss for improper venue on its own except in extraordinary circumstances," *Stich v. Rehnquist, et al.*, 982 F.2d 88, 89 (2d Cir. 1992), courts may sua sponte transfer cases for forum non conveniens under 28 U.S.C. § 1404(a) where "the interests of justice would be best served by doing so." *Kelly v. Kelly*, 911 F.Supp. 70, 71 & n.3 (N.D.N.Y. 1996) (quoting *Lead Indus. Ass'n v. Occup. S. & H. Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (stating that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte"); 5B Federal Prac. & Proc.3d § 1352 ("The broad language of the transfer statute seems to suggest that the district court may order transfer on its own motion.").)

As an initial matter, neither of the Defendants are residents of New York, and accordingly the Southern District of New York is not the proper venue pursuant to 28 U.S.C. § 1391(b)(1). Plaintiff's complaint asserts that Defendants are residents of Tennessee – *i.e.*, Jesse Trew resides in Franklin, Tennessee whereas Glen Trew lives in Nashville, Tennessee. (Compl. at 2.)

Subsequent filings indicate that Plaintiff is uncertain as to the residency of Defendant Jesse Trew as he avers that "Defendant [Jesse Trew] has made at least three and possibly four moves of residence. He started in the STATE OF MISSISSIPPI and moved to STATE OF TENNESSEE (wherein he has previous residence) and moved to STATE OF COLORADO" and that he also "may be in the country of India." (ECF No. 13 at 2.) Accordingly, by Plaintiff's own statement, neither of the defendants are residents of New York.

Separately, a close examination of Plaintiff's Complaint and recent filings demonstrates that the actions giving rise to this litigation occurred in Carriere, Mississippi and not in the Southern District of New York, and accordingly, venue is improper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2). Indeed, Plaintiff's recently filed motions, including attached affidavits, make clear that the underlying events giving rise to this action—*i.e.*, Jesse Trew's interference with Plaintiff's relations with his common-law wife and children and theft of film equipment and footage—occurred at the MS ISKON. His common-law wife, averred that she "stayed in the STATE OF MISSISSIPPI from March 2019 until July 2019, as part of travels with my family" and upon the invitation "by our family friend, John Dermgrdichian, who had been an Ashram member." (*See* ECF No. 12 at 2.) She further avers that: (1) she "kept the children and various valuable possessions, including movie equipment and sentimental items in Carriere, MISSISSIPPI at New Talavan Ashram . . . while Peter E. Tasciotti went to Los Angeles, CALIFORNIA;" (2) she "witness[ed] statements and actions of JESSE TREW, who we met at the New Talavan Ashram" and that Jesse Trew "was one of the celibate monks of that Ashram program"; and (3) that Jesse Trew interfered with her family, took possession of filming equipment and files that belonged to Plaintiff, and transported those possessions from the New Talavan Ashram after being ordered to vacate by the ISKON President Yogindra. (*Id.*) Accordingly, the

complaint, liberally construed, asserts various fraud and theft claims that occurred in Carriere, Mississippi.

At bottom, there is no connection between the Southern District of New York and this action other than that Plaintiff resides in the Southern District of New York and, instead, venue is proper in the Southern District of Mississippi. Assuming that federal jurisdiction exists in this case and that Plaintiff's claims are not frivolous, Plaintiff could have brought this action in the United States District Court for the Southern District of Mississippi because the alleged events giving rise to this litigation took place in Carriere, Mississippi. Accordingly, pursuant to 28 U.S.C. § 1406(a), the Court finds that venue is not proper in the Southern District of New York and, in the interest of justice, transfers this action to the United States District Court for the Southern District of Mississippi. *See* 28 U.S.C. § 1406(a).

Separately, pursuant to 28 U.S.C. § 1404, the Court finds that the interests of justice and convenience of the parties and witnesses favor transfer of this matter to the United States District Court for the Southern District of Mississippi. Where, as is the case here, the operative facts have little connection to the designated forum, courts have afforded less deference to the plaintiff's forum choice. *see Cosa Xentaur Corp v. Bow*, No. 13-CV-2912, 2014 WL 1331030, at *13 (E.D.N.Y. Mar. 31, 2014) (recognizing this caveat); *Guccione v. Harrah's Mktg. Servs. Corp.*, No. 06-CV-4361, 2009 WL 2337995, at *7 (S.D.N.Y. July 29, 2009) (same) (quoting *Mitsui Marine & Fire Ins. Co. Ltd. v. Nankai Travel Intern. Co., Inc.*, 245 F. Supp. 2d 523, 525 (S.D.N.Y. 2003)). Although Plaintiff's choice of forum weighs heavily on this decision, the allegations and claims in the Complaint concern events that occurred in Mississippi, and Plaintiff has given no indication that evidence other than himself and his wife is located within the Southern District of New York.

Instead, the "locus of operative facts" and sources of proof appear to be connected to the MS ISKON in Carriere, Mississippi.

For the foregoing reasons, it is ORDERED that the venue of this case be transferred to the United States District Court for the Southern District of Mississippi sua sponte.  The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at his address listed on ECF and show proof of service on the docket.  The Clerk of the Court is further directed transfer this file to the Southern District of Mississippi forthwith.  All pending motions will be addressed by the transferee court.

Dated: June 16, 2021  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge