UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| PETER TASCIOTTI and<br>MICHELLE ANNE BISHOP | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 1:21CV209-TBM-RPM |
| JESSE TREW and GLEN TREW | DEFENDANTS |

## REPORT AND RECOMMENDATION

Plaintiff Peter Tasciotti filed a *pro se* complaint on August 18, 2020, in the U.S. District Court for the Southern District of New York, alleging that while he resided at the New Talavana religious community in Carriere, Mississippi, Defendants Jesse Trew and Glen Trew stole property belonging to him. Doc. [2]. Specifically, Tasciotti alleges that the Trews stole intellectual property related to a "Matrix movie" documentary being produced by Tasciotti. He further alleges that the Trews stole personal property and video equipment. *Id.* at 5-6. Tasciotti ascribed a total value of $63 million to the theft. *Id.* at 4.

Tasciotti's complaint was later amended to add Michelle Anne Bishop, his common-law wife, as a plaintiff. Doc. [48]. Summons on the original complaint first issued on February 16, 2021. Doc. [6] [7]. The case was later transferred to the Southern District of Mississippi on June 16, 2021. Doc. [16]. Plaintiff Tasciotti requested and was granted an extension until October 7, 2021, to complete service of process. Doc. [20]. Plaintiff was granted a second extension until May 31, 2022, to complete service of process. Doc. [35]. The Court then granted a third recent extension, until July 25, 2022, to complete service of process. Doc. [44]. Plaintiffs still failed to complete service of process. Consequently, the Court entered an order to show cause on August 17, 2022, directing Plaintiffs to show good cause why their complaint should not be dismissed for failure to prosecute. Doc. [50].

On August 29, 2022, Plaintiffs filed a timely response to the show cause order. Doc. [51]. In their response, Plaintiffs explained that they had been waiting for the Court to impose a deadline for service of the second amended complaint. Plaintiffs attached to their response certificates of mailing indicating that on August 17, 2022, they mailed to the Defendants requests for waiver of service. Doc. [51-1]. There is nothing in the docket to reflect that service of process was waived or that service of process had been returned executed. On November 4, 2022, the Court established a deadline of December 5, 2022, for Plaintiffs to complete service of process. The Court directed Plaintiffs to complete service of process *and* provide documentary proof of effective service of process. Plaintiffs were cautioned that no additional extensions in the deadline for service would be granted absent a showing of good cause and that any request for extension based on good cause must be accompanied by supporting documentation. Plaintiffs were further advised that if they failed to comply with the Court's order by December 5, 2022, their lawsuit will be subject to dismissal without further notice.

Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint on defendants within 90 days after the filing of the complaint. If a plaintiff fails to complete service of process on a defendant within 90 days, Rule 4(m) provides that

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m); *Copeland v. EMC Mortgage LLC*, No. 1:16CV159-HSO-JCG, 2016 WL 7634455, at *5 (S.D.Miss. Dec. 21, 2016). Plaintiffs' complaint has been pending for over two years without completing service of process. Plaintiffs have been granted multiple extensions and multiple opportunities to complete service of process. The Court gave Plaintiffs one final opportunity to complete service of process with the warning that failure to complete service of process would

result in dismissal of their lawsuit for failure to prosecute. On November 23, 2022, summons issued as to Defendants Glen Trew and Jesse Trew. Doc. [53]. However, the docket does not reflect that summons has been returned executed.

It is now more than 30 days beyond the latest Court-imposed deadline for completing service of process. As explained above, Plaintiffs have been afforded ample time and opportunity to complete service of process. Nevertheless, Plaintiffs have not demonstrated that service of process has been completed. Accordingly, the undersigned finds that Plaintiffs' lawsuit should be dismissed without prejudice for failure to prosecute because they have not completed timely service of process.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiffs' complaint be dismissed without prejudice based on failure to complete service of process in a timely fashion.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 17th day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE