IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PETER TASCIOTTI** and
**MICHELLE ANNE BISHOP**                                                              **PLAINTIFFS**

**v.**                                                                          **CIVIL ACTION NO. 1:21-cv-209-TBM-RPM**

**JESSE TREW** and
**GLEN TREW**                                                                                   **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [54] entered by United States Magistrate Judge Robert P. Myers on January 17, 2023. Judge Myers recommended that the Plaintiffs' claim be dismissed for failure to prosecute. [54]. The Plaintiffs timely filed an Objection [55] to the Report and Recommendation. As discussed fully below, the Plaintiffs' Objection is overruled, and the Report and Recommendation is adopted as the opinion of this Court.

### I. INTRODUCTION

Peter Tasciotti sued Jesse and Glen Trew in the United States District Court for the Southern District of New York on August 18, 2020, alleging that the Defendants stole intellectual and personal property belonging to him. [2]. Summons was first issued on February 16, 2021. [6]; [7]. The case was transferred to this Court on June 16, 2021. [16]. Tasciotti requested and was granted an extension to complete service of process until October 6, 2021. [20]. Tasciotti requested and was granted another extension to complete service of process until May 31, 2022. [35]. The Court then granted a third extension, until July 25, 2022, to complete service of process. [44].

Tasciotti's complaint was then amended to add his common-law wife, Michelle Anne Bishop, as a plaintiff. [48].

Then, the Court entered an order to show cause why this case should not be dismissed for failure to prosecute on August 17, 2022. [50]. Plaintiffs timely responded and explained they were "unaware of the protocols . . . and [were] waiting for the notification from the Court" to accept the Amended Complaint. [51]. Plaintiffs attached to their response certain certificates of mailing allegedly showing that waivers of service were sent to Glen and Jesse Trew. [51-1]. But nothing in the docket reflects that service was waived or that a service of process return was filed.

On November 4, 2022, the Court set December 5, 2022, as the deadline for Plaintiffs to "complete service of process *and* to provide documentary proof of effective service of process." [52], p. 2. Further, the Court explained "[n]o additional extensions in the deadline for service will be granted absent a showing of good cause. Any request for extension based on good cause must be accompanied by supporting documentation." *Id.* at 2-3. Summonses were issued on November 23, 2023. [53]. The Plaintiffs failed to provide that the complaint was served to the Defendants.

Judge Myers entered a Report and Recommendation on January 17, 2023, and recommended dismissal without prejudice based on failure to serve process. [54]. Plaintiffs timely objected to dismissal. [55]. Plaintiffs concede that there has been delay in serving the Defendants. [55], pps. 1-2. However, Plaintiffs now allege that Defendant Glen Trew has been served and although the process server has been unable to locate Defendant Jesse Trew, Plaintiffs assert service is nonetheless complete. [55], p. 2. Yet, the emails Plaintiffs submitted to the Court do not show that the summonses have been executed as to Glen or Jesse Trew.[1]

---

[1] The emails submitted by Plaintiffs state that service was "unsuccessful" and that the process server "spoke to John Pinkerton"—a nonparty—and "he accept[ed] service on behalf of Trew Audio"—a nonparty. [55-1], p. 1.

## II. STANDARD OF REVIEW

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson*, 2015 WL 5089782, *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## III. DISCUSSION AND ANAYLSIS

Plaintiffs claim that service of process has been completed. [55], p. 2. But Plaintiffs do not provide proof of service as to Glen Trew beyond an email from a process server—Shaun Craven—that does not support that service has been completed. [55-1]. Further, Plaintiffs state that Jesse Trew has been unable to be located, but Plaintiffs then allege that service has been completed. [55], p. 2. However, Plaintiffs do not provide any detail as to the successful service of Glen or Jesse Trew. Accordingly, the Court must determine if Plaintiffs have demonstrated good cause for their

3

failure to properly serve Defendants within the time provided under Rule 4(m). *See* FED. R. CIV. P. 4(l) & (m).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. FED. R. CIV. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant," unless the plaintiff shows both (1) good causes for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. FED. R. CIV. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

"A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute [good] cause for his failure to effect service in compliance with the rules." *Drgac*, 2008 WL 4746984, at *1 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Here, Plaintiffs paid the filing fee and are responsible for properly serving both Defendants with a summons and copy of the complaint in accordance with Rule 4. *See* FED. R. CIV. P. 4(c)(1).

Judge Myers' Report and Recommendation identifies that Plaintiffs had three extensions to complete service, as well as a deadline set of December 5, 2022, to "complete service of process *and* provide documentary proof of effective service of process." [54], p. 2. Despite receiving this notice, Plaintiffs have failed to file a proof of service upon the Defendants. Within the Objection to the Report and Recommendation, Plaintiffs allege that a process server made several unsuccessful attempts at service and that the process server would provide an affidavit or proper notice as to Glen Trew.[2] [55], p. 2; [55-1]. Further, the Plaintiffs allege that although Jesse Trew was unable to be located, service should be considered complete. [55], p. 2.  But Plaintiffs have yet to provide any affidavit to prove that service has been completed on either Defendant. *See Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011 (5th Cir. 1990) (holding the district court properly found the plaintiff had not carried his burden in proving service was proper when no supporting affidavits were provided to the court).

Plaintiffs did not comply with the Court's Orders and were repeatedly warned that failure to do so would result in the dismissal of this case. [20], p. 2; [35], pg. 3; [44], pg. 5; [50], pg. 2; [52], pg. 3. Plaintiffs have not provided the Court with documentary proof of effective service of process, nor have they otherwise contacted the Court to provide evidence of service beyond their objection on February 2, 2023. [55]; *See* FED. R. CIV. P. 4(l); *see also Starrett v. City of Richardson*, No. 3:18-cv-191-L, 2018 WL 4627133, at *4 (N.D. Tex. Jul. 27, 2018) (holding plaintiff's proof of service was insufficient because it did not contain an affidavit or was not "sworn or 'made under oath before an authorized officer.'") (citing *Webb v. Dallas Area Rapid Transit*, No. 3:17-cv-878-M, 2017 WL 4082445, at *4 (N.D. Tex. Aug. 22, 2017)). Plaintiffs have not requested additional time to

---

[2] Although the emails submitted to the Court do not support Plaintiffs' contention that service is complete. [55-1].

5

serve Defendants. Accordingly, the Court finds that Plaintiffs' alleged service upon Defendant Glen Trew is insufficient, and that this matter should be dismissed without prejudice for failure to serve process and for failure to prosecute because Plaintiffs have not completed timely service of process on either Glen or Jesse Trew.[3] *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308-09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where plaintiff did not file the requisite proof to establish that the defendant acknowledged service of process).

Having conducted a *de novo* review of the objected-to portions of the Report, the Court finds no grounds for modifying Judge Myers' findings and conclusions.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Objection [55] to the Report and Recommendation is OVERRULED.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Report and Recommendation [54] entered by United States Magistrate Judge Robert P. Myers on January 17, 2023, is ADOPTED as the opinion of the Court.

---

[3] The Court recognizes that "[w]hen 'the applicable statute of limitations likely bars future litigation,'" the Court should apply "the standard applicable to a with-prejudice dismissal." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012). Dismissal with prejudice for failure to timely serve requires "' a clear record of delay or contumacious conduct by the plaintiff." *Lozano*, 693 F.3d at 490. Because Plaintiffs were granted multiple extensions to complete service of process and repeatedly warned that failure to serve would result in dismissal, even under this heightened standard, the Court still finds that the Plaintiffs' lawsuit should be dismissed for failure to timely complete service and for failure to prosecute. *See also Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991) (affirming dismissal with prejudice for failure to prosecute where the pro se plaintiff failed to serve the complaint after being given a second chance and instructed on the procedure).

**IT IS FURTHER ORDERED AND ADJUDGED** that this CASE is DISMISSED WITHOUT PREJUDICE.

THIS, the 8th day of May, 2023.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　TAYLOR B. McNEEL
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE